IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA         PLAINTIFF

VS.                                                      Case No.: 3:08CV132-D-A

C. E. FRAZIER CONSTRUCTION COMPANY, INC.,
C. E. FRAZIER, JR,
PHYLLIS E. FRAZIER,
AUSTIN W. FRAZIER,
FRAZIER DEVELOPMENT, LLC,
M. F. PROPERTIES, L.P., AND
AWF, LLC                                                 DEFENDANTS

## COMPLAINT

COMES NOW Travelers Casualty and Surety Company of America ("Travelers") filing this its Complaint against C. E. Frazier Construction Company, Inc., C. E. Frazier, Jr., Phyllis E. Frazier, Austin W. Frazier, Frazier Development, LLC, M. F. Properties, L.P., and AWF, LLC (collectively, "Defendants"), and states as follows:

## PARTIES

1. Travelers is a Connecticut corporation with its principal place of business located at One Tower Square, Hartford, Connecticut 06183.

2. C. E. Frazier Construction Company, Inc. is a Mississippi corporation with its principal place of business located at P.O. Box 2039, Ridgeland MS 39158. The Summons and Complaint may be served on its registered agent C.E. Frazier, who is located at 5247 Suite A Greenway Drive, Ridgeland, MS 39158 or 3565B Crestview Drive, Tupelo, MS 38801.

3. C. E. Frazier, Jr. is an adult resident citizen of the State of Mississippi and, upon information and belief, may be served with the Summons and Complaint at 3565B Crestview Drive, Tupelo, MS 38801.

4. Phyllis E. Frazier is an adult resident citizen of the State of Mississippi and, upon information and belief, may be served with the Summons and Complaint at 306 W. Water Street, Ripley, MS 38663.

5. Austin W. Frazier is an adult resident citizen of the State of Mississippi and, upon information and belief, may be served with the Summons and Complaint at 637 Wendover Way, Ridgeland, MS 39157.

6. Frazier Development, LLC is a Mississippi limited liability corporation with its principal place of business located at 430 St. Andrews Drive, Jackson MS 39211. The summons and Complaint may be served on its registered agent C.E. Frazier, Jr., who is located at 430 St. Andrews Drive, Jackson, MS 39211 or 3565B Crestview Drive, Tupelo, MS 38801.

7. M.F. Properties, L.P. is a Mississippi limited liability partnership with its principal place of business located at 430 St. Andrews Drive, Jackson MS 39211. The summons and Complaint may be served on its registered agent C.E. Frazier, who is located at 430 St. Andrews Drive, Jackson, MS 39211 or 3565B Crestview Drive, Tupelo, MS 38801.

8. AWF, LLC is a Mississippi limited liability company with its principal place of business located at 5547A Greenway Drive, Jackson MS 39204. The summons and Complaint may be served on its registered agent Austin W. Frazier, who is located at 5547A Greenway Drive, Jackson MS 39204.

## JURISDICTION AND VENUE

9. Jurisdiction is founded on diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 exclusive of interests and costs. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

10.     On or about June 18, 2004, arising from certain surety bonds to be provided for C.E. Frazier Construction Company, Inc. by Travelers, Defendants entered into and provided Travelers with a General Agreement of Indemnity ("Agreement I"). See Agreement I, attached hereto as Ex. A.

11.     In or around 2007, C.E. Frazier Construction Company, Inc. defaulted on several of its construction projects for which Travelers had provided performance and/or payment bonds.

12.     As a result of C.E. Frazier Construction Company, Inc.'s default, Travelers undertook and has continued to undertake to fulfill its responsibilities under the bonds it issued for C.E. Frazier Construction Company, Inc. on the projects at issue.

13.     In paragraph "3" of Agreement I, each Defendant agreed to,

> ...exonerate, indemnify and save [Travelers] harmless from and against all Loss. An itemized, sworn statement by an employee of [Travelers], or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to [Travelers] shall be payable upon demand.

14.     Paragraph "5" of Agreement I also states:

> Indemnitors agree to deposit with [Surety], upon demand, an amount as determined by [Surety] sufficient to discharge any Loss or anticipated Loss.

15.     In Paragraph "12" of Agreement I, the Defendants granted to Travelers a security interest in the following properties:

> [A]ssets and rights of indemnitors, wherever located, whether now owned or hereafter acquired or arising, and all proceeds and products thereof; all goods (including inventory,

3

equipment, and any accessions thereto), instruments (including promissory notes), documents, accounts, chattel paper, deposit accounts, letter-of-credit rights, securities and all other investment property, supporting obligations, any Contract or contract rights or the rights to payment of money, Insurance claims or proceeds, and all general intangible (the "Collateral").

16. On or about October 3, 2007, duly perfecting its security interest in the above collateral, Travelers filed its uniform commercial code financing statements as it relates to the Defendants. See UCC-1 filings, Ex. B.

17. On or about December 20, 2007, Defendants (with the exception of Phyllis Frazier) entered into and provided Travelers with a Collateral/Reimbursement Agreement ("Agreement II"). See Agreement II, attached hereto as Ex. C.

18. Among other provisions, Agreement II provided an additional security interest in "all of INDEMNITORS' accounts receivable, personal property, goods, inventory, accounts, chattel paper, documents, instruments, investments, money, GENERAL INTANGIBLES, EQUIPMENT, and OTHER COLLATERAL. . . ." Id. at Section 10.1 (g), p. 12

19. On or around February 15, 2008, Travelers amended its financing statement as it relates to the Defendants. See UCC-3, attached hereto as Ex. D.

20. As of early November 2008, Travelers' current and estimated future losses, including expenses as a result of issuing bonds on behalf of C.E. Frazier Construction Company, Inc., are estimated at approximately $6,405,585.21.

21. Accordingly, on or about November 10, 2008, pursuant to the terms and conditions of the General Agreement of Indemnity (Ex. A), Travelers sent a demand for Defendants to deposit with Travelers $6,405,585.21 in cash or other collateral acceptable to Travelers. See Demand Letter, attached hereto as Ex. E.

22. As set forth in the Demand Letter, Travelers provided:

If sum is not deposited with Travelers within 10 days of the date of this letter (or a mutually agreeable alternative worked out with you), then Travelers shall deem you to be in material default of these provisions of Agreement I and Agreement II.

23.    None of the Defendants have made any payment or deposit with Travelers (much less having satisfied their obligations) and, therefore, have materially breached these and other provisions of Agreement I and Agreement II.

24.    Travelers hereby seeks to enforce the terms of the Agreement I and Agreement II against Defendants as applicable.

## FIRST CAUSE OF ACTION

### (Replevin)

25.    Travelers specifically refers to and realleges each of the foregoing and subsequent allegations of this Complaint as though fully set forth herein.

26.    Pursuant to Mississippi Code Annotated § 11-37-101 *et. seq.* (1972) and the terms of Agreement I and Agreement II, Travelers is entitled to immediate possession and all rights to the above described collateral.

27.    Travelers requests that the Court issue a fiat directing the Clerk of the Court to issue summonses for Defendants to appear for a hearing to determine the rights of the parties as to the above described collateral.

## SECOND CAUSE OF ACTION

### (Accounting)

28.    Travelers specifically refers to and re-alleges each of the foregoing and subsequent allegations of this Complaint as though fully set forth herein.

29.     Travelers is entitled to an accounting of all its collateral owned by each Defendant, the current whereabouts of the collateral, and whether there are any other liens on said property.

### THIRD CAUSE OF ACTION

### (Breach of Agreement I)

30.     Travelers refers to and realleges each of the foregoing allegations of this Complaint as though fully set forth herein.

31.     Defendants have materially breached Agreement I.

32.     Travelers has sought to obtain payment of the aforesaid outstanding sums due and owing by Defendants in accordance with Agreement I.

33.     Despite written demand being made on Defendants to pay the aforesaid sums, Defendants have failed and continue to fail to pay Travelers the aforesaid sums, despite their liability therefor.

34.     Defendants, jointly and severally, owe Travelers for compensatory, consequential, incidental and other damages arising from their breach of Agreement I, including attorney's fees, pre-judgment and post-judgment interest, late fees and costs.

### FOURTH CAUSE OF ACTION

### (Breach of Agreement II)

35.     Travelers refers to and realleges each of the foregoing allegations of this Complaint as though fully set forth herein.

36.     Defendants (with the exception of Phyllis Frazier) have materially breached Agreement II.

37.     Travelers sought to obtain payment of the aforesaid outstanding sums due and

owing by Defendants in accordance with Agreement II.

38.   Despite written demand being made on Defendants to pay the aforesaid sums, Defendants have failed and continue to fail to pay Travelers the aforesaid sums, despite their liability therefor.

39.   Defendants, jointly and severally, owe Travelers for compensatory, consequential, incidental and other damages arising from their breach of Agreement II, including attorneys' fees, pre-judgment and post-judgment interest, late fees and costs.

## AD DAMNUM

WHEREFORE, PREMISES CONSIDERED, Travelers prays the Court to grant it the following relief and/or judgment from and against Defendants, jointly and severally, as follows:

(a)   The immediate issuance of a fiat directing the Clerk of the Court to issue summonses for Defendants to appear for a hearing to determine the rights of the parties to the above mentioned collateral;

(b)   The issuance of a writ of replevin granting Travelers possession and all rights to the above mentioned collateral;

(c)   $6,405,585.21 for the current and estimated future losses, including expenses as a result of issuing bonds on behalf of C.E. Frazier Construction Company, Inc;

(d)   All costs of collection and/or enforcement under Agreement I and Agreement II;

(e)   Attorneys' fees and expenses as provided for under Agreement I and Agreement II;

(f)   Prejudgment interest at the statutory or contractual rate, whichever is higher, from the date of filing the Complaint;

(g)   Post-judgment interest at the statutory or contractual rate, whichever is higher,

from the date of filing the Complaint;

(h)  All costs of court; and/or

(i)  Any such further or other relief as Travelers may be justly entitled for the injuries, losses, abuses and injustices it has suffered.

Respectfully submitted this the 9th day of December, 2008.

                                      TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

                                      By: *Melody McAnally*
                                            JOHN A. CRAWFORD, JR. (MS BAR # 10346)
                                            MELODY MCANALLY (MS BAR # 101236)

                                                  ITS ATTORNEYS

OF COUNSEL:

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
Post Office Box 22567
Jackson, MS 39225-2567
Regions Plaza - 17th Floor
210 East Capitol Street
Jackson, MS 39201
(P) (601) 948-5711
(F) (601) 985-4500
(E) jack.crawford@butlersnow.com
(E) melody.mcanally@butlersnow.com


Jackson 3507957v.1